**FILED**
**AUG 0 3 2005**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GLENN D. HUTTON, | CIV 05-3019 |
| | CR 99-30070-01 |
| Petitioner, | |
| | OPINION AND ORDER |
| -vs- | |
| | |
| UNITED STATES OF AMERICA, | |
| | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty in CR 99-30070 to possession of a firearm by a convicted felon. He was sentenced on January 18, 2000, to a custodial sentence of 30 months followed by three years supervised release. Petitioner did not appeal to the United States Court of Appeals for the Eighth Circuit from his conviction and sentence.

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The basis of the motion is ineffective assistance of counsel and lack of predicate felony. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner's motion is procedurally defaulted. Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which Defendant has asserted or could assert to this prosecution, and the Court's entry of judgment against Defendant and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." Such a promise made in a plea agreement is binding upon petitioner and may be specifically enforced by the government. United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996). The waiver "must be the result of a knowing and voluntary decision." United States v. Michelsen, 141 F.3d 867, 871 (8th Cir. 1998). The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Petitioner does not

contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Petitioner's claim is procedurally defaulted for other reasons. Failure to raise the issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). This rule applies equally to a criminal defendant who waives his right to appeal pursuant to a plea agreement and therefore is barred from a direct appeal. *See Id*. at 448. The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant waives his right to appeal, he has also waived his right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

Petitioner's motion should be denied because it was filed beyond the one year period of limitations set forth in 28 U.S.C. § 2255. Petitioner's conviction became final in 2000. He did not file his motion to vacate until 2005.

Finally, petitioner's motion should be denied on the merits. Petitioner claims that his 1993 Arizona assault offense was not a predicate offense because, at the time he committed the assault, Arizona law did not prohibit a felon from possessing a firearm.[1] Petitioner's conviction was not for violating Arizona's firearm possession prohibition statute but instead for violating the federal firearms prohibition, 18 U.S.C. § 922(g)(1).

Petitioner argues, however, that 18 U.S.C. § 921(a)(20) excepts his conviction from the operation of § 922(g)(1) because it excludes convictions for which a person has had civil rights restored, unless the restoration expressly provides that the person may not possess firearms. Petitioner argues that his civil rights were restored pursuant to A.R.S. 13-912, which provided in 1997 (when petitioner was alleged to have illegally possessed a firearm):

---

[1]A.R.S. 13-904(A)(5) was amended in 1994 to include a provision that conviction of a felony suspends one's right to possess a gun or firearm. When petitioner was convicted of assault, A.R.S. 13-904(A) only restricted the civil rights of the petitioner to vote, hold public office and serve as a juror.

2

> A. Upon completion of the term or probation, or upon absolute discharge from imprisonment, and upon the completion of payment of any fine or restitution imposed, Any (sic) person who has not previously been convicted of any other felony shall automatically be restored any civil rights which were lost or suspended by the conviction.
> B. This section does not apply to a person's right to possess weapons as defined in § 13-3101 unless he applies to a court pursuant to the procedures of § 13-906.

The United States Court of Appeals for the Ninth Circuit held in <u>United States v. Meza-Corrales</u>, 183 F.3d 1116, 1130 n. 9 (9th Cir. 1999), that felons who were convicted under Arizona law prior to 1994 could not be convicted of being a felon in possession under federal law if their civil rights were automatically restored pursuant to A.R.S. § 13-912(A).

It is not clear from the record whether petitioner in fact qualified for the automatic restoration of civil rights on or before the date he possessed the firearm at issue in the indictment (*i.e.*, whether he paid any fine or restitution). It is not necessary to reach that issue, however, because petitioner's right to possess firearms was in fact restricted under another section of Arizona law in 1994. When petitioner committed the underlying felony assault in 1993, A.R.S. § 13-3101 prohibited possession of a firearm by past felons who had been convicted on felonies involving violence. Petitioner's 1993 assault offense qualified under A.R.S. § 13-3101[2], and he was thus a prohibited person under Arizona law. Petitioner's civil right to possess a firearm could only be restored pursuant to an application for restoration under Arizona law. A.R.S. § 13-906. Petitioner does not contend that he applied for restoration of his civil right to possess a firearm as allowed under law. He thus cannot avail himself of the exception in 18 U.S.C. § 921(a)(20).

It plainly appears from the face of the motion that the movant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[2]Defendant assaulted Kathy Duly (his co-defendant in the 1997 felon in possession indictment) by slapping her and throwing her around her apartment. *See* ¶ 29 of the presentence investigation report in CR 99-30070.

Now, therefore,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct his sentence is denied and this matter is dismissed.

Dated this 3rd day of August, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)